IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MELVIN PEREZ,

    Petitioner,

v.                                                  CASE NO. 1:08-cv-45-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is a state prisoner in the custody of the Department of Corrections.  The Petition stems from a prison administrative disciplinary conviction, for which Petitioner was punished by 15 days of disciplinary confinement but no loss of gain time.  Respondent has filed a response and appendix with relevant portions of the administrative record.  Doc. 11.  Respondent contends that because the disciplinary conviction did not result in the loss of gain time, Petitioner does not have a constitutionally-protected liberty interest that entitles him to federal habeas review and the Petition should therefore be dismissed.  *Id*.  In reply, Petitioner argues that Florida law creates a liberty interest in the right to earn incentive gain time, and that his disciplinary conviction deprived him of the right to earn gain time for a total of four months.  Doc. 12 (citing Fla. Admin. Code § 33-601.101(5)).  Upon due consideration of the Petition, the Response, the Reply, and the state-court record,

the undersigned recommends that the Petition be dismissed.[1]

## Background

Petitioner was charged with violating a regulation that requires prisoners to store personal property, including legal materials, only in assigned bunk lockers or assigned legal lockers in the law library.  A search of the prison law library revealed that Petitioner was storing his legal materials in an unsecured filing cabinet.  Petitioner received written notice of the charge, pleaded not guilty, and declined staff assistance.  Petitioner did not provide a statement or request any witnesses.  He was found guilty on the basis of the investigating officer's statement and sentenced to disciplinary confinement.  Respondent's Appendix Exhibit ("App. Exh.") E.   Petitioner unsuccessfully pursued administrative and state-court remedies.  *Id*. Exh. B-M.  The instant federal habeas petition followed.    Petitioner contends that the disciplinary regulation under which he was punished was "unauthorized and unconstitutional," and that he was denied due process in connection with the disciplinary proceeding because the written statement of facts did not comply with Florida regulations in some respects, and the finding of guilt was based only on the investigating officer's statement.  Doc. 1.

## Analysis

Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

*Case No: 1:08-cv-45-MP-GRJ*

the United States. "[T]he common-law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The only relief that can be gained in a habeas action is an immediate or speedier release from custody. In the instant case, it is undisputed that Petitioner did not lose gain time credits as a result of the challenged disciplinary decision. Because Petitioner's disciplinary proceeding did not implicate the fact or duration of his confinement, there is no basis for federal habeas relief.

Moreover, there is no basis for construing the instant Petition as a civil rights complaint through which Petitioner could challenge the conditions of his confinement in connection with the disciplinary case. In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539 564-66 (1974). The factfinder's decision need only be supported by "some evidence." *Superintendent, Mass. Correctional Inst. v.*

*Hill*, 474 U.S. 445, 455-56 (1985).

Petitioner's placement in disciplinary confinement for 15 days was not sufficient to trigger constitutional due process protection.  *See Sandin*, 515 U.S. at 486 (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection).    Further, the Eleventh Circuit has held that the loss of eligibility to earn incentive gain time under Fla. Admin. Code § 33-601.101(5)(a)  does not give rise to a liberty interest that triggers due process protections.  *Hartley v. Warden*, 352 Fed. Appx. 368, 2009 WL 3738508 (11th Cir. 2009) (unpublished).[2]

## Conclusion

Petitioner has failed to demonstrate that the disciplinary action resulting in his placement in disciplinary confinement gives rise to any claim for federal habeas relief or states any claim for a denial of his constitutional right to due process.  Accordingly, it is respectfully **RECOMMENDED** that the Petition, Doc. 1, be **DISMISSED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS**  this 24th day of June 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

---

[2]Pursuant to 11th Cir. R. 36-2, unpublished opinions are not binding precedent, but may be cited as persuasive authority.

*Case No: 1:08-cv-45-MP-GRJ*