IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MELVIN PEREZ,

    Petitioner,

v.                                            CASE NO. 1:08-cv-00045-MP-GRJ

WALTER A MCNEIL,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 15, Report and Recommendation of the Magistrate Judge, which recommends that the petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied. Petitioner timely objected to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews objected-to portions of the Report and Recommendation *de novo*.

Petitioner is currently in the custody of the Florida Department of Corrections ("DOC"), and this petition stems from a prison disciplinary conviction and subsequent fifteen-day disciplinary confinement for failing to store personal property according to prison regulations. Petitioner argues that the regulation, under which he was sentenced, was "unauthorized and unconstitutional" as applied, and that the DOC, in failing to follow "their own rules and constitutional requirements of law" during the sentencing proceedings, violated his right to due process. Doc. 1. In response, the DOC makes three arguments: (1) under the standards set forth in the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because the state court decision was neither contrary to clearly established federal law nor unreasonable in light of

the evidence presented, a federal court may not grant the petitioner habeas relief; (2) petitioner failed to exhaust administrative remedies and is thus foreclosed from having his sentence reviewed in federal court; and (3) because petitioner failed to demonstrate that the DOC infringed upon his liberty interests, his argument that his due process rights were violated is unsustainable.  Doc. 11.  After due consideration of both the state and federal records, the Magistrate Judge recommended that the petition for habeas relief be denied.  Petitioner has since filed three objections.

Petitioner first objects to the Magistrate Judge's conclusion that "Petitioner's placement in disciplinary confinement for fifteen days was not sufficient to trigger constitutional due process protection."  Doc. 15.  More directly, petitioner argues that he has a "liberty interest in remaining in the general prison population."  Doc. 16.  In support of this argument, petitioner does nothing more than cite *Adams v. Brierton* for the general proposition that "in a prison context, the 'imposition of more burdensome conditions of confinement may constitute a grievous loss calling for procedural safeguards.'"  752 F.2d 546, 547 (11th Cir. 1985) (quoting *Diamond v. Thompson*, 364 F. Supp. 659, 664 (M.D. Fla. 1974), *aff'd*, 523 F.2d 1201 (5th Cir. 1975), and *Bardbury v. Wainwright* for the fact that bald assertions of security interests alone "will not justify the loss of a prisoner's fundamental rights."  718 F.2d 1538, 1543 (11th Cir. 1983).  The Court does not dispute these two truths; however, the mere transcription of them will not save petitioner from his reality.  Not only has petitioner failed to make a persuasive argument in his defense, he has failed to even hint at how the decisions in *Adams* – wherein the court reviewed a prisoner's claims that being placed in administrative confinement following his release from the psychiatric ward violated his constitutional rights, 752 F.2d at 547 – or *Bardbury* – wherein the court addressed the constitutionality of prison regulations governing

inmate marriages, 718 F.2d at 1538 – effect his case in any regard.  Accordingly, Petitioner's argument – whatever it may be – is dismissed.

In *Sandin v. Conner*, the Court did recognize that "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause."  515 U.S. 472, 483-84, 115 S. Ct. 2293, 2300 (1995).  These interests, however, are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484, 115 S. Ct. at 2300 (internal citations omitted).

In petitioner's second argument, he again contends that his sentence violated due process, specifically that his fifteen days of disciplinary confinement imposed "atypical and significant hardship."  Doc. 16.  In determining whether a state-created liberty interest exists, the court must focus on the nature of the deprivation.  *Id.* at 481, 115 S. Ct. at 2299.  In this case, petitioner detailed the differences between being housed with the general population and in disciplinary confinement.  He listed, for example, fewer hours for recreation, restricted access to telephones and the commissary, and fewer permitted outside visitors.  Doc. 16.  Taking these difference as true, this Court fails to find that petitioner's disciplinary confinement constituted a significant deprivation that the Court's standard set forth in *Sandin* requires.  Lending credence to this finding is the Court's determination in *Sandin* that a 30-day disciplinary confinement sentence that did not affect the duration of the prisoner's sentence did not implicate any due process liberty interest.  *Id*. at 487, 115 S. Ct. at 2302.  There is no reason to assume that the lesser sentence in this case should be treated any differently.  Petitioner's second argument is thus dismissed.

Case 1:08-cv-00045-MP-GRJ   Document 19   Filed 10/03/11   Page 4 of 4

Page 4 of 4

Petitioner's final objection is that the Magistrate Judge committed error in relying on *Hartley v. Warden*, 352 Fed. Appx. 368 (11 th Cir. 2009) because it "is not binding and should not even be considered persuasive authority because the facts and the claim raised here are not similar." Doc. 16. This argument fails. Not only did the Magistrate Judge cite *Hartley* for a general proposition in the case – that "the loss of the eligibility to earn incentive gain-time provided by Florida law is not a sufficient liberty interest to invoke the protections of the Due Process Clause," *Id.* – but the Magistrate Judge also properly noted that under the Circuit's local rule 36-2, that while unpublished opinions are not binding precedent, they may be cited as persuasive authority. Doc. 15. Petitioner's third and final objection is dismissed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 15, is ACCEPTED and incorporated herein.

2. Petition for writ of habeas corpus, Doc.1, is DENIED with prejudice.

3. Certificate of Appealability is DENIED pursuant to § 2254 Rule 11(a).

**DONE AND ORDERED** this   3rd day of October, 2011

      *s/Maurice M. Paul*
      Maurice M. Paul, Senior District Judge